No. 23,775.

*In re* MARY MARGARET ENTZMINGER (D. W. ENTZMINGER, Petitioner, *Appellee,* v. MARY A. HESS, *Appellant).*

SYLLABUS BY THE COURT.

1. HABEAS CORPUS—*Custody of Minor Child.* An order by a juvenile court placing the custody of a child in another than its father is interpreted to be temporary and to be limited by its terms to the result of the prosecution of the father.

2. SAME—*Father Entitled to Custody of His Child.* When the prosecution was dismissed the temporary custody ended and the father, in the absence of evidence of his unfitness to care for and control his child, was entitled to its custody.

3. SAME—*Jurisdiction of District Court.* The district court had jurisdiction in a habeas corpus proceeding to determine the effect of the order of the juvenile court and the right of the father to the custody of his child.

4. SAME—*Immaterial Claims of Error.* Other claims of error are held to be immaterial.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed January 7, 1922. Affirmed.

*E. L. Foulke, James B. Nash,* and *Ross McCormick,* all of Wichita, for the appellant.

*John W. Adams,* and *William J. Wertz,* both of Wichita, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The petitioner instituted a proceeding in habeas corpus in the district court to obtain the custody of his minor child, Mary Margaret Entzminger. A judgment in his favor was given, from which the respondent appeals.

It appears that the petitioner and his wife adopted Mary on November 12, 1912. In 1918 the foster mother died, and soon afterwards a prosecution was begun against the petitioner charging him with unlawfully knowing a female under the age of eighteen years. In a trial upon this charge a verdict of guilty was returned, but the

Entzminger v. Hess.

court set the verdict aside and later, on the motion of the county attorney, the prosecution was dismissed. Before the dismissal a complaint was filed in the probate court by Mary A. Hess, the mother of petitioner's deceased wife, alleging that Mary was without proper parental care and guardianship and asking that she be placed in the care of a proper guardian. After a hearing that court found that she did not have proper parental care and ordered that she be placed in the custody of Mrs. Hess, "until the case in the district court is settled." That case having been settled in favor of the petitioner, he contended that the temporary custody of the respondent had ended and that in the absence of a showing of his unfitness to care for his daughter he is entitled to her custody. The respondent contended that the juvenile court had exclusive jurisdiction of the matter and that the district court was without jurisdiction or power in this proceeding to change or dispose of the custody of the minor child. It was stated that the petitioner was holding a responsible position, had remarried and was able to provide a suitable home for the child. After a showing as to the adoption of the child, the proceedings in the probate court and the dismissal of the prosecution against the petitioner, the trial court ruled that as the adoption proceedings were admitted, the father was entitled to the custody of his own child unless it appeared that her custody had been given to someone else or that he is an improper and unfit person to have control of his child. It was therefore ruled in this state of the case that the burden was upon respondent to prove that the petitioner was unfit to care for his child.

Counsel for respondent stated that he was unwilling to drag the reputation of anyone into the records of the court and would stand on the judgment of the juvenile court.

Complaint is made of the ruling of the court placing the burden of proof on the defendant, of excluding the files in the case relating to the prosecution, except the judgment dismissing the prosecution against the petitioner, and also of another proceeding which had been brought to quiet title to lots in which the child had an interest. Counsel said that in view of the rulings of the court they would stand on the question of law and only asked that judgment be stayed until an appeal to the supreme court could be taken. Ten days for that purpose was granted.

All concede that the father has the primary and predominant right to the custody of his child unless he is an unfit person to have

such custody. It is contended that this question has been determined by the juvenile court and the effect of the order made by it is the principal question for determination. The district court had jurisdiction and power to investigate the nature of the order and whether it was a temporary or a continuing one. While the juvenile court found that under the circumstances the care and guardianship of the child should be changed, the terms of the order show that the placing of the child in the custody of the respondent was conditional and temporary. It tends to show that the change was made because a serious charge had been made against the father and the prosecution upon that charge had not been concluded; so the juvenile court ordered that the respondent should have the custody of the child until the end of that prosecution. It was not given for an indefinite time nor until the further order of that court, but was limited to the settlement of the prosecution in the district court. That having terminated in favor of the petitioner by the dismissal of the prosecution, the custody of the respondent was ended by the limitation of the terms prescribed in the order.

The question upon whom the burden of proof rested as to the fitness of the father to control and care for his child is not a material one. The respondent stated that she did not care to enter upon investigation of that question, but chose to stand upon her rights under the order of the juvenile court. In the absence of evidence of unfitness the father was of course entitled to the custody and control of his child and no evidence upon that question was offered. The respondent indicated that she desired to test the effect of the order of the juvenile court and of the jurisdiction of the district court to pass upon the question, in an appeal to the supreme court, and thus the case ended.

There was nothing substantial in the rulings as to the admission of the files in other cases and nothing is seen which affords grounds for a reversal.

Judgment affirmed.